UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cindy L. Herron,<br>    Plaintiff,<br><br>        v.<br><br>The Boeing Company,<br>    Defendant. | CASE NO.:  2:24−cv−07297-DCN-SVH<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, and on the basis of sexual (female) discrimination in violation of Title VII of the US Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a.    A charge of employment discrimination on the basis of sexual discrimination, and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b.    Notification of the Right to Sue was received from EEOC on or about September 25, 2024.

    c.    This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Cindy L. Herron, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. That, upon information and belief, the Defendant, The Boeing Company is a foreign corporation organized in the State of Delaware, and operating in the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters, and all things hereinafter alleged are within the jurisdiction of the Court.

### STATEMENT OF FACTS

10. The Plaintiff began working for Defendant on or about May 24, 2012. That at all times relevant, the Plaintiff was effective and efficient at her work.

11. On or about December 23, 2022, Michael Hobson, Manager, called a meeting to discuss look out/tag out procedures. When the meeting was over, Plaintiff went to Mr. Hobson to discuss the meeting. Mr. Hobson told Plaintiff that he does not have closed-door meetings with female employees. Mr. Hobson offered to "take a walk" with Plaintiff, to which he began to yell out Plaintiff. Another Manager attempted to close Mr. Hobson's door, when Mr. Hobson requested that manager come in and be a witness.

12. On or around January 13, 2023, the Plaintiff was told by Mr. Hobson, when he saw her return from lunch with a male co-worker, "that wasn't a good look," and told that "you shouldn't go to lunch alone with male co-workers.

13. On or about January 15, 2023, the Plaintiff reported the discrimination to Human Resources and spoke to Kyle Addis. Mr. Addis told Plaintiff to go home and report the matter to ethics as this matter sounded more like an ethics matter.

14. When Plaintiff got home, she called ethics, where she spoke to John Hansen. Mr. Hansen told Plaintiff that he would start an investigation into the matter.

15. On or about January 27, 2023, the Plaintiff was moved to another position working in cranes due to the conflict with Mr. Hobson.

16. In or around March 2023, a lady from ethics contacted Plaintiff to interview her regarding the investigation into the lotto and meeting with Mr. Hobson.

17. On or about April 10, 2023, the Plaintiff was terminated in retaliation for her complaints of sex/gender discrimination of Mr. Hobson.

18. Despite her reporting the inappropriate behavior, the Defendant did not take appropriate action to resolve the problem, and punished Plaintiff for the discrimination.

19. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
## Violation of Civil Rights/Sexual Discrimination Under Title VII

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. At all times the Plaintiff was performing her job satisfactorily.

22. The Plaintiff is a member of a protected group on the basis of her sex and gender.

23. The Plaintiff was discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

24. Similarly situated male employees received preferential treatment by being able to go to lunch with female co-workers without the repercussions to which the Plaintiff was subjected, due to her sex and gender.

25. The Plaintiff engaged in a protected activity by reporting the Defendant's unlawful employment practices and filing a charge with the EEOC.

26. The Plaintiff was harassed by the Defendant when they singled her out for going to lunch with a male co-worker, and not being able to have a closed-door meeting with her manager, even though male co-workers did not have the same conditions as Plaintiff.

27. The aforesaid harassment to which the Plaintiff was subjected was permitted to continue by the Defendant, despite knowledge that it was occurring.

28. The Defendant was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ the Plaintiff due to her sex and gender; and

   b. In discharging the Plaintiff due to her sex and gender as a result of her opposing the Defendant's unlawful employment practices and for filing reports of the discrimination with the EEOC.

29. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing the sex and/or gender discrimination and preferential treatment, harassment and retaliation to exist in the workplace.

30. That in failing to protect the Plaintiff from sex and/or gender discrimination, harassment and retaliation or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and Equal Employment Opportunity Commission.

31. As a direct and proximate result of the Defendant's discrimination on the basis of sex and/or gender, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

32. The Defendant's employment discrimination and discharge of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

33. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

### FOR A SECOND CAUSE OF ACTION
### Violation of Civil Rights (Title VII) - Retaliation

34. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

35. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions as well as other positions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her sex/gender, Plaintiff was terminated from her position in retaliation for asserting her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

36. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

37. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

38. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

39. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

### REQUEST FOR RELIEF

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay, and other work benefits.

42. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment, humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone:    (843) 553-9800

North Charleston, South Carolina
December 16, 2024