**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| CINDY L. HERRON, Plaintiff, vs. THE BOEING COMPANY, Defendant. | ) | No. 2:24-cv-07297-DCN **ORDER** |

This matter is before the court on defendant The Boeing Company's ("Boeing") submission of a bill of costs, ECF No. 35. Plaintiff Cindy L. Herron ("Herron") filed objections to the bill of costs, ECF No. 36. For the reasons set forth below, the court overrules Herron's objections and grants Boeing $2,442.20 in costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption "that costs are awarded to the prevailing party." Keeshan v. Eau Claire Coop. Health Centers, Inc., 394 F. App'x 987, 997 (4th Cir. 2010). However, "while Rule 54(d)(1) intends the award of costs to the prevailing party as a matter of course, the district court is given discretion to deny the award." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court must justify its decision [to deny costs] by articulating some good reason for doing so." Id. (internal quotation marks and citations omitted). The following factors may justify denying an award of costs: (1) the prevailing party's engagement in misconduct worthy of a penalty; (2) "the losing party's inability to pay"; (3) excessive claimed costs; (4) the limited value of the prevailing party's victory; and (5)

"the closeness or difficulty of the issues decided." Id. A district court's decision to award or deny costs is reviewed for abuse of discretion. Id.

Boeing prevailed in this action, having summary judgment entered in its favor upon the court adopting the magistrate judge's report and recommendation. See ECF Nos. 29, 33, 34. The total costs Boeing seeks amount to $2,442.20. ECF No. 35 at 1.

The entirety of Herron's objections are produced below:

> On or about November 5, 2025, Defendant filed a Bill of Costs for reimbursement of certain costs in this matter. Plaintiff objects to this request as she believes that she had reasonable grounds for filing her claims and that there exists issues of material facts which were in dispute. It is not the purpose behind the rules to enforce the non-prevailing party to pay the opposing party costs in this matter. In reviewing the Report and Recommendation, there are several significant issues that we submit were not taken in the light most favorable to the non-moving party, nor seen as disputed. Therefore, Plaintiff requests that the Honorable Court deny Defendant's Bill of Costs.
>
> In the event that the court determines that the request is reasonable and is not outside the scope of the rule, the Plaintiff will pay a reasonable amount as ordered to the Defendant.

ECF No. 36 at 1. Herron, in other words, disputes the court's ruling on Boeing's motion for summary judgment in conclusory fashion without any citations to the record. See id. While the closeness or difficulty of the issues decided may support the denial of an award of costs, Herron fails to identify this standard or to explain why that standard would be met here. Herron's objections are too vague for the court to engage in a meaningful analysis of them. The court will not make arguments on Herron's behalf. As such, the court finds no basis to depart from the presumption in favor of awarding costs. See Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994). Accordingly, the court **OVERRULES** Herron's objections and **GRANTS** Boeing $2,442.20 in costs.

[Signature on Following Page]

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 3, 2026**
**Charleston, South Carolina**